UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------- X
                                                             :
ANVAR A. ALISHEROV,                                          :
                                                             :
                                    Petitioner,              :
                                                             :          26-CV-859 (VSB)
                - against -                                   :
                                                             :          **OPINION & ORDER**
                                                             :
LADEON FRANCIS, Acting Field Office                          :
Director of New York, Immigration Customs                    :
and Enforcement, Immigration and Customs                     :
Enforcement, *et al.*,                                       :
                                                             :
                                    Respondents.             :
                                                             :
------------------------------------------------------------X

Appearances:

Alex G. Isbell
Palladino, Isbell, and Casazza, LLC
Philadelphia, PA
*Counsel for Petitioner*

Janet Lynne Guyon
U.S. Attorney's Office, Department of Justice, SDNY
New York, NY
*Counsel for Respondents*

VERNON S. BRODERICK, United States District Judge:

Before me is Anvar A. Alisherov's ("Alisherov" or "Petitioner") petition for a Writ of

Habeas Corpus under 28 U.S.C. § 2241 challenging the lawfulness of his detention by

Immigration and Customs Enforcement ("ICE") and seeking an order directing the Government

to immediately release Petitioner from custody.  (Doc. 1 ("Petition" or "Pet.").)  Because I find

that the Government detained Petitioner pursuant to 8 U.S.C. § 1226 and that his detention

violated his due process rights, the Petition is GRANTED, and the Government is ordered to immediately release Petitioner from custody.

## I.       Factual Background

### A.       *Petitioner's Entry Into the United States*

Alisherov is an 18-year-old citizen of Uzbekistan.  (Pet. ¶ 1.)  On July 14, 2023, Petitioner entered the United States with his family by crossing the border without inspection near Calexico, California.  (*Id.* ¶¶ 2–3.)  Petitioner was originally (and remains) a derivative of his father's Form I-589, Application for Asylum, filed on October 30, 2023, and he subsequently filed his own filed Form I-589, Application for Asylum on December 9, 2025, which remains pending.  (Doc. 8 at 3; Doc. 9 at 1.)

The Department of Homeland Security ("DHS") detained Petitioner and his family on July 14, 2023 and released them within 24 hours pursuant to an Order of Release on Recognizance.  (*See* Doc. 8-3.)  The July 15, 2023 Order of Release on Recognizance notes that Petitioner was released "[i]n accordance with section 236 of the Immigration and Nationality Act" ("INA"), (*id.* at 1), which is codified at 8 U.S.C. § 1226.  DHS also served Petitioner with a Notice of Custody Determination, which notes that "[p]ursuant to the authority contained in section 236 of the [INA]," Petitioner was released "on [his] own recognizance."  (*Id.* at 2.)

DHS also served Petitioner on July 15, 2023 with a Notice to Appear ("NTA"), placing him in removal proceedings pursuant to the INA § 212(a)(6)(A)(i), which states that a person is inadmissible if they are "an alien present in the United States without being admitted or paroled, or who arrived in the United States at any time or place other than as designated by the Attorney General."  (Doc. 9-1 at 1.)  The NTA specifically classified Petitioner as a noncitizen "present in the United States who has not been admitted or paroled," not as an "an arriving [noncitizen]."

2

(*Id.*)  DHS also issued a Warrant for Arrest of Alien on July 15, 2023, citing INA § 236—codified as 8 U.S.C. § 1226—as its basis.  (Doc. 8-4.)

### B.    *Petitioner's Detention*

On August 2, 2025, Petitioner was arrested in Brooklyn, New York and charged with various misdemeanors and violations under the New York State Penal Law, which were subsequently dismissed on November 13, 2025.  (Pet. ¶ 5; Doc. 8-5 (Certificate of Disposition).)  After Petitioner's arrest, but before the dismissal of charges, on October 22, 2025, DHS sent Petitioner a "Call-In Letter," directing him to appear at the Immigration Court at 201 Varrick Street, New York, New York on November 6, 2025 and to "bring all of [his] immigration paperwork and national identity documents."  (Doc. 1-5; *see also* Doc. 9 at 1.)  Petitioner complied with the Call-In Letter and was detained by ICE and subsequently transferred to Orange County Correctional Facility, where he is currently detained without a bond hearing or any individualized custody determination.  (Pet. ¶¶ 1, 6, 13.)

### II.    Procedural History

On February 2, 2026 at 10:48 A.M Eastern Standard Time, Petitioner's counsel filed a petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241.  (*See* Pet.)  On February 2, 2026, I issued an Order to Show Cause, directing Respondents and Petitioner's counsel to attend an initial telephonic conference on February 6, 2026 to discuss venue and the relevant detention provisions.  (Doc. 4.)  After I held the initial telephonic conference on February 6, 2026, I directed the parties to submit a response to certain questions, including whether the instant Petition is controlled by my prior opinions in *Sidqui v. Almodovar*, No. 25-CV-9349, 2026 WL 251929 (S.D.N.Y. Jan. 30, 2026) and *Han v. Bondi*, No. 25-CV-10753, 2026 WL 322963 (S.D.N.Y. Feb. 6, 2026).  (Doc. 6.)

On February 10, 2026, Petitioner filed a letter in response to my February 6 Order, (Doc. 8), along with several exhibits in support, (Docs. 8-1–8-5). On that same date, the Government filed a letter in response to my February 6 Order, (Doc. 9), along with several exhibits in support, (Docs. 9-1–9-8). The Government asserts its now-familiar position that Petitioner is detained under § 1225(b)(2) and that his detention is mandatory. (Doc. 9 at 1.) The Government also notes that it believes I can resolve this matter without further submission or hearing. (*Id.* at 2–3.)

Having reviewed the Petition, the materials filed in support thereof, and the parties' further filings, I find that the Petition "present[s] only issues of law," and adjudicate the Petition without a hearing in light of my obligation to "determine the facts, and dispose" of habeas petitions expeditiously, "as law and justice require." 28 U.S.C. § 2243.

### III.    <u>Legal Standard</u>

Alisherov brings his Petition pursuant to 28 U.S.C. § 2241, which "authorizes a district court to grant a writ of habeas corpus whenever a petitioner is 'in custody in violation of the Constitution or law or treaties of the United States.'" *Wang v. Ashcroft*, 320 F.3d 130, 140 (2d Cir. 2003) (quoting 28 U.S.C. § 2241(c)(3)). "When a petitioner brings a habeas petition pursuant to § 2241, the petitioner 'bears the burden of proving that he is being held contrary to law; and because the habeas proceeding is civil in nature, the petitioner must satisfy his burden of proof by a preponderance of the evidence.'" *Dzhabrailov v. Decker*, No. 20-CV-3118, 2020 WL 2731966, at *3 (S.D.N.Y. May 26, 2020) (quoting *Skaftouros v. United States*, 667 F.3d 144, 158 (2d Cir. 2011)). "Federal courts have jurisdiction to hear habeas corpus claims by non-citizens challenging the constitutionality of their detention." *Lopez v. Sessions*, No. 18-CV-04189, 2018 WL 2932726, at *6 (S.D.N.Y. June 12, 2018) (citing *Demore v. Kim*, 538 U.S. 510, 516–17 (2003)).

## IV.     **Discussion**

The Government concedes that "[t]his case is not materially distinguishable from the facts and legal issues presented in [my] decision in *Han*" and "*Han* would control the result in this case, should [I] adhere to it, as Petitioner was detained by ICE in New York after he had already entered the country." (Doc. 9 at 2.)  "Thus, while reserving all rights, including the right to appeal, and to conserve judicial and party resources while expediting [my] consideration of this case, the government [] relies upon, and incorporates by reference, the legal arguments it presented in *Han*." (*Id.*)

On February 6, 2026, I issued a decision in *Han*, which decided the same statutory issue raised here.[1]  2026 WL 322963, at *4–7.  My decision in *Han* controls the statutory issue in this case because I adhere to my prior decision regarding Respondents' statutory authority to detain a petitioner that is living in the United States at the time of detention.  For the reasons stated in *Han* and by several other courts in this District, I conclude that Alisherov, who has been living in the United States since 2023, was not subject to mandatory detention under 8 U.S.C. § 1225(b), and instead detained under the discretionary provision of § 1226(a).  *Id.* at *5–7.  I agree with the "overwhelming majority of opinions in this District and others across the country [that] have held that § 1226, not § 1225, governs the process of arresting and detaining noncitizens who are already present in the United States." *Id.* at *4.  Section 1225(b)(2) applies only to noncitizens actively "seeking admission" to the United States, and not to individuals like Alisherov who have already entered and have been residing in the country because he "can't go into a place where [he] already [is]." *Id.* at *5 (alteration in original) (quoting *J.G.O. v. Francis*, No. 25-CV-

---

[1] After I held the initial telephonic conference on February 6, 2026, I directed the parties to submit a response to certain questions, including, among other things, whether the instant Petition is controlled by my prior opinion in *Han v. Bondi*, No. 25-CV-10753, 2026 WL 322963 (S.D.N.Y. Feb. 6, 2026). (Doc. 6.)

7233, 2025 WL 3040142, at *3 (S.D.N.Y. Oct. 28, 2025)).  "To assume otherwise would mean that millions of immigrants living in the United States should be mandatorily detained as if they are on the cusp of our nation's borders."  *Id.*  This is not the case as many, if not all, of these immigrants have been living in the United States, in some cases for many decades.  Moreover, "it would be remiss of me to ignore decades of immigration law that has acknowledged the difference between those at the border and those in the interior of the country."  *Id.* at *7 (citing *Lopez Benitez v. Francis*, 795 F. Supp. 3d 475, 490 (S.D.N.Y. 2025)).

Having determined that Alisherov is detained pursuant to § 1226(a), I conclude that the Government's detention of Alisherov, without any individualized consideration, violates his due process rights.  Section 1226(a) requires that the Government make an individualized determination based on (1) whether the noncitizen is a "danger to property or persons" and (2) whether the noncitizen is "likely to appear for any future proceeding" before detaining him.  8 C.F.R. § 1236.1(c)(8).  Here, "there is nothing to suggest that DHS exercised any discretion *at all* in detaining" Alisherov.  *Lopez Benitez*, 795 F. Supp. 3d at 494 (emphasis in original).  Accordingly, Alisherov's detention violates his due process rights.  *See Han*, 2026 WL 322963, at *7 (determining that the petitioner's due process rights were violated where there was no evidence of an individualized determination prior to detaining the petitioner); *Tejeda-Mata v. Francis*, No. 26-CV-658, 2026 WL 221276, at *2 (S.D.N.Y. Jan. 28, 2026) (Respondents have violated th[e] fundamental mandate [in the Due Process Clause], as Petitioner has been detained without notice or an opportunity to be heard.  The remedy for this violation is release from custody."); *Tumba Huamani v. Francis*, No. 25-CV-8110, 2025 WL 3079014, at *9 (S.D.N.Y. Nov. 4, 2025) (determining that the petitioner's due process rights were violated because she was

detained "with no process at all, much less prior notice, no showing of changed circumstances, or an opportunity to respond" (internal quotation marks omitted)).

Finally, I decline the Government's request that if I grant the Petition, I "order a bond hearing before an immigration judge under § 1226(a), not outright release." (Doc. 9 at 2.) There is no evidence that ICE made an individualized determination before detaining Alisherov under § 1226(a). Indeed, the Government's "INA § 236 Initial Custody Determination" form created on the date that ICE arrested Petitioner confirms that the Government did not conduct an individualized initial custody determination as the sections related to whether Petitioner poses a danger or risk of flight are left blank. (*See* Doc. 9-4.) Moreover, the Government has not even attempted to make an argument that Petitioner is a flight risk or danger to the community. (*See* Doc. 9.) "[A] bond hearing [cannot] retrospectively cure the due process violation, which derived from [Petitioner's] unlawful arrest and detention without the statutorily required exercise of discretion." *Yao v. Almodovar*, No. 25-CV-9982, 2025 WL 3653433, at *11 (S.D.N.Y. Dec. 17, 2025) (citing *Tumba Huamani*, 2025 WL 3079014, at *7–9); *see also Ambroladze v. Maldonado*, 26-CV-00474, 2026 WL 280182, at *3 (E.D.N.Y. Feb. 3, 2026) ([B]ecause the 'typical remedy' for 'unlawful executive detention' is 'of course, release,' the government's ongoing detention of Petitioner, in the face of yet another complete failure of process, entitles him to immediate release." (quoting *Munaf v. Geren*, 553 U.S. 674, 693 (2008))). "[T]he harm began when Petitioner was detained without process and continues with each day he remains in custody." *Han*, 2026 WL 322963, at *8. Thus, the Government must release Alisherov from detention.

7

### V.      Conclusion

Therefore, the Petition for a writ of habeas corpus is GRANTED.  Respondents are hereby ORDERED to immediately release Petitioner from custody and certify compliance with this order by filing an entry on the docket no later than **5:00 p.m. on February 20, 2026**.

IT IS FURTHER ORDERED that the Order to Show Cause Hearing, currently scheduled for February 20, 2026 be CANCELLED.

IT IS FURTHER ORDERED that Petitioner "shall not be re-detained without notice and an opportunity to be heard at a pre-deprivation bond hearing before a neutral decisionmaker, where the government will have the burden of showing that his detention is authorized under 8 U.S.C. § 1226(a)." *Hyppolite v. Noem*, No. 25-CV-4304, 2025 WL 2829511, at *17 (E.D.N.Y. Oct. 6, 2025).  *Cf. Rueda Torres v. Francis*, No. 25-CV-8408, 2025 WL 3168759, at *6 (S.D.N.Y. Nov. 13, 2025).

IT IS FURTHER ORDERED that the Government is ENJOINED from denying bond to Petitioner in any subsequent proceeding on the basis that he must be detained pursuant to 8 U.S.C. § 1225(b) and from invoking in that proceeding the automatic stay provision at 8 C.F.R. § 1003.19(i)(2), *Rueda Torres*, 2025 WL 3168759, at *6, absent a change in controlling law.

Respondents did not address Petitioner's request for attorney's fees and costs pursuant to the Equal Access to Justice Act as amended, 5 U.S.C. § 504 and 28 U.S.C. § 2412 in their Opposition.  Thus, if Petitioner still intends on seeking such relief, Petitioner may file a status letter proposing a briefing schedule for any application for attorneys' fees and costs by **April 22, 2026**.

SO ORDERED.

Dated: February 19, 2026
      New York, New York

Vernon S. Broderick
United States District Judge

9